JUDGE COTE

11 CIV 8339

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICTOR MARTINEZ, individually and as Administrator
of the Estate of ERIDANIA RODRIGUEZ, Deceased,
DENISSE FIGUEROA and YANIRIS FIGUEROA,

                Plaintiffs,

  - against -

RECTOR TRINITY ASSOC., STELLAR
MANAGEMENT CORP., CLASSIC SECURITY,
LOCAL 32BJ, SERVICE EMPLOYEES
INTERNATIONAL UNION, and REALTY ADVISORY
BOARD ON LABOR RELATIONS, INC., JOHN DOES
1-10 and RICHARD ROES INCORPORATED 1-10 being
fictitious persons and/or Business entities) et al.

                Defendants.
-------------------------------------------------------------------X

**EFC CASE**

**NOTICE OF REMOVAL
OF A CIVIL ACTION**

11 CIV____



      Defendant Local 32BJ, Service Employees International Union, by its attorneys,

submits this petition for removal pursuant to 28 U.S.C. §§ 1441 and 1446.

     1.     Plaintiffs VICTOR MARTINEZ, individually and as Administrator of the Estate of

ERIDANIA RODRIGUEZ, Deceased, DENISSE FIGUEROA, RONNIE FIGUEROA and YANIRIS

FIGUEROA commenced an action in the Supreme Court of the State of New York, County of New

York captioned *VICTOR MARTINEZ, individually and as Administrator of the Estate of ERIDIANA*

*RODRIGUEZ, Deceased, DENISSE FIGUEROA, RONNIE FIGUEROA and YANIRIS FIGUEROA*

*against RECTOR TRINITY ASSOC., STELLAR MANAGEMENT CORP., CLASSIC SECURITY,*

*JOHN DOES 1-10, RICHARD ROES INCORPORATED 1-10*, bearing Index No. 117249/09 (the

"State Court Action."). The State Court Action was commenced on December 9, 2009.

     2.     On or about June 4, 2011, Plaintiffs sought to amend their complaint in the State

Court Action to add as defendants LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL

UNION ("Union" or "Local 32BJ"), a labor organization, and the REALTY ADVISORY BOARD

ON LABOR RELATIONS, INC. ("RAB"), a multi-employer association that *inter alia* bargains

collective bargaining agreements with Local 32BJ on behalf of certain of its employer-members. A copy of Plaintiffs' motion to amend and affirmation in support, along with a proposed Second Amended Complaint, are attached as **Exhibit A**.

3.      By Order dated September 1, 2011, filed with the County Clerk's Office on September 21, 2011, the State Court judge granted leave to Plaintiffs to amend their complaint to add Local 32BJ and the RAB as defendants, and ordered that service upon defendants of the Order granting leave to amend, along with notice of entry thereof, would be deemed service of the Second Amended Complaint in the form attached to Plaintiffs' motion to amend. A copy of the State Court's Order is attached as **Exhibit B**.

4.      The Union was unaware of the existence of the State Court Order until on or after October 24, 2011, when defendants RECTOR TRINITY AASSOCIATES, LLC and STELLAR MANAGEMENT LTD served the Union with a document entitled "Answer to Second Verified Complaint."

5.      On November 16, 2011, the Union was personally served with a summons along with a second amended complaint (identical to the second amended complaint attached to plaintiffs' motion to amend), copies of which are attached as **Exhibit C**.

6.      The Union is a labor organization within section 2(5) of the Labor Management Relations Act (the "Act"), 29 U.S.C. § 152(5), in that it represents approximately 120,000 employees "in an industry affecting commerce" within the meaning of section 301(a) of the Act, 29 U.S.C. § 185(a). The Union's headquarters, formerly at 101 Avenue of the Americas, New York, New York 10013, is now at 25 West 18th Street, New York, New York 10011.

7.      In late 2007 or early 2008, the Union and the RAB, as bargaining agent for certain of its member-employers, negotiated the 2008 Commercial Building Agreement ("2008 Agreement"), which is binding upon the Union and the member-employers of the RAB who had

2

agreed to be so bound, including the employer of Plaintiff-Decedent ERIDANIA RODRIGUEZ with respect to her employment at 2 Rector Street, New York, New York.

8.      In their Second Amended Complaint, Plaintiffs aver that, under the terms of the 2008 Agreement, the Union had a duty to monitor the workplace and ensure employee safety. See, e.g., Second Amended Complaint at paragraph 40.

9.      Article XIX, section 29 of the 2008 Agreement contains a provision entitled "Building Safety and Security," concerning, as indicated by its title, health, safety and security in the workplace.

10.     The 2008 Agreement at Articles VII and VIII further establishes a grievance and arbitration procedure under which "all difference arising between the parties as to interpretation, application or performance of any part of this Agreement" are required to be submitted to the Contract Arbitrator.

11.     The 2008 Agreement is a "contract[] between an employer and a labor organization representing employees in an industry affecting commerce."  29 U.S.C. § 185(a).

12.     Since resolution of Plaintiffs' claims against the Union and other of the defendants require interpretation of the 2008 Agreement, this action is a civil action over which this Court has jurisdiction, arising under section 301(a) of the Act, 29 U.S.C. § 185(a) which, in material part, provides:

> Suits for violation of contracts between an employer and an organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount of controversy or without regard to citizenship of the parties.

13.     Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

3

14.     The Union has not served an answer, made motions, or made any appearance or argument in the State Court Action.

15.     This Notice of Removal is filed within 30 days after discovery by the Union of the State Court Order annexed as Exhibit B, and before any proceedings concerning the Second Amended Complaint have been held in the State Court Action.

16.     All defendants have consented to removal of this action.

WHEREFORE, LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION respectfully requests that the State Court Action be removed from the New York State Supreme Court, County of New York to this Court.


Dated: New York, New York
          November 17, 2011

                                        Respectfully submitted,
                                        Office of the General Counsel

                                        By:     /s/
                                                Judith I. Padow (JIP 1151)
                                                Deputy General Counsel

                                        Local 32BJ, Service Employees
                                        International Union, Local 32BJ
                                        25 West 18th Street
                                        New York, New York 10011
                                        Telephone:     (212) 388-3854
                                        Facsimile:      (212) 388-2062

                                        Attorneys for Defendant Local
                                        32BJ, Service Employees International
                                        Union

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
VICTOR MARTINEZ, individually and as
Administrator of Estate of ERIDANIA
RODRIGUEZ, Deceased, DENISSE FIGUEROA,
RONNIE FIGUEROA, YANIRIS FIGUEROA

                                            Plaintiffs,

                          -against-

RECTOR TRINITY ASSOCIATES, LLC,
STELLAR MANAGEMENT, CORP., CLASSIC
SECURITY, LOCAL 32BJ SERVICE
EMPLOYEES INTERNATIONAL UNION,
REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC, JOHN DOES 1-10, RICHARD
ROES INCORPORATED 1-10, (said JOHN DOES
1-10 and RICHARD ROES INCORPORATED 1-10
being fictitious persons and/or Business entities)
*et al.,*

                                            Defendants.
-------------------------------------------------------------X

**NOTICE OF MOTION**

Index No.: 117249/09

**SIR/MADAM:**

  **PLEASE TAKE NOTICE,** that upon the annexed Affirmation of Anthony J. Pope, Esq.,

duly affirmed on the 14th day of June 2011, and all pleadings and proceedings had herein, the

undersigned will move this Court **returnable to the Motion Support Office, Room 130,**

**located at 60 Centre Street, New York, New York, 10007 on the 1st day of July, 2011,** at

9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, for an

Order:

1.  To grant permission to withdraw the previously filed motion for leave to Amend the First-

   Amended Complaint pursuant to CPLR 3025 to assert a direct cause of action by the Plaintiff

against DEFENDANTS; RECTOR TRINITY ASSOCIATES, LLC, STELLAR

MANAGEMENT, CORP., CLASSIC SECURITY, LLC; and

2.  To grant leave in order to Amend the First-Amended Complaint pursuant to CPLR 3025 to

substitute Defendants LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION

and REALTY ADVISORY BOARD ON LABOR RELATIONS, INC in place of RICHARD

ROES INCORPORATED, and JOHN DOE (said JOHN DOES 1-10 and RICHARD ROES

INCORPORATED 1-10 being fictitious persons and/or business entities); and

3.   To grant leave in order to Amend the First-Amended Complaint pursuant to CPLR 3025 to

assert a direct cause of action by the Plaintiff against DEFENDANTS; RECTOR TRINITY

ASSOCIATES, LLC, STELLAR MANAGEMENT, CORP., CLASSIC SECURITY, LLC,

LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, REALTY

ADVISORY BOARD ON LABOR RELATIONS, INC, RICHARD ROES

INCORPORATED 1-10, JOHN DOES 1-10 (said JOHN DOES 1-10 and RICHARD ROES

INCORPORATED 1-10 being fictitious persons and/or business entities) *et al*

4.  And for such other and further relief as this Court deems just and proper.

**PLEASE TAKE NOTICE,** that answering affidavits, if any must be served at least seven
(7) days prior to the return date of this Motion pursuant to CPLR R. 2214.

DATED:        Newark, New Jersey
              June 14, 2011

                                        Very truly yours,


                                        _____
                                        ANTHONY J. POPE
                                        ANTHONY POPE LAW FIRM
                                        60 Park Place, Suite 703
                                        Newark, New Jersey 07102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
VICTOR MARTINEZ, individually and as
Administrator of Estate of ERIDANIA
RODRIGUEZ, Deceased, DENISSE FIGUEROA,
RONNIE FIGUEROA, YANIRIS FIGUEROA

                       Plaintiffs,

          -against-

RECTOR TRINITY ASSOCIATES, LLC,
STELLAR MANAGEMENT, CORP., CLASSIC
SECURITY, LOCAL 32BJ SERVICE
EMPLOYEES INTERNATIONAL UNION,
REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC, JOHN DOES 1-10, RICHARD
ROES INCORPORATED 1-10, (said JOHN DOES
1-10 and RICHARD ROES INCORPORATED 1-10
being fictitious persons and/or Business entities)
*et al.,*

                     Defendants.
------------------------------------------------------------X

**AFFIRMATION IN
SUPPORT**


Index No.: 117249/09


**ANTHONY J. POPE**, an attorney duly admitted to practice law before the Courts of
the State of New York, hereby affirms the truth of the following under the penalties of
perjury:

1. I am the principal of the ANTHONY POPE LAW FIRM, counsel for the Plaintiffs,

    and, as such, am fully familiar with the facts and circumstances surrounding this

    application.

2. This Affirmation is submitted in support of the within Motion seeking an Order:

    A. Amending the First Amended Complaint pursuant to CPLR R. 3025 to specify

        and assert a direct cause of action against Defendants, RECTOR TRINITY

        ASSOCIATES, LLC, STELLAR MANAGEMENT, CORP., CLASSIC

SECURITY, LLC, LOCAL 32BJ SERVICE EMPLOYEES

INTERNATIONAL UNION, REALTY ADVISORY BOARD ON LABOR

RELATIONS, INC, RICHARD ROES INCORPORATED 1-10, JOHN

DOES 1-10 (said JOHN DOES 1-10 and RICHARD ROES

INCORPORATED 1-10 being fictitious persons and/or business entities) *et*

*al.*; and

    B.  For such other and further relief as this Court deems just and proper.

3.  The within matter occurred on July 7, 2009, wherein Plaintiff decedent, ERIDANIA
RODRIGUEZ, was brutally attacked.  Plaintiff Decedent's significant, serious, and
permanent injuries resulted in the untimely death of said victim.

4.  Plaintiffs are compelled to substitute JOHN DOES and RICHARD ROES
INCORPORATED with necessary defendants LOCAL 32BJ SERVICE
EMPLOYEES INTERNATIONAL UNION, and REALTY ADVISORY BOARD
ON LABOR RELATIONS, INC., to this action, as well as to more specifically state
their causes of action against the herein mentioned defendants.

5.  Upon information and belief, Defendants LOCAL 32BJ SERVICE EMPLOYEES
INTERNATIONAL UNION, and REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC. are necessary and proper to this action pursuant to the
commercial building agreement entered into with, which imposed duties on said
defendants to monitor and provide for employee safety of its members and
employees.

6. Plaintiffs respectfully request that they be permitted to file and serve a Second Amended Complaint to include Defendants LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and REALTY ADVISORY BOARD ON LABOR RELATIONS, INC., and more specifically set forth claims against the herein referenced defendants. Attached hereto, made a part hereof, and known as Exhibit A, is a copy of the Proposed Second Amended Complaint.

7. Amendment of the Complaint will not result in unfair advantage or undue prejudice as the claims are being stated with more specificity. Furthermore, the granting of this motion is fair and just and promotes judicial economy and avoids waste.

8. CPLR 3025, titled Amended and Supplemental Pleadings, is to be "liberally construed to permit pleadings to be amended" and it is New York State policy to allow the amendment "in the absence of laches, undue prejudice and unfair advantage." Leutloff v. Leutlof, 47 Misc.2d 458 (1965). Accordingly, the relief sought here be freely given. Stein v. Garfield Regency Condomininium, 65 A.D.3d 1126 (2d Dept. 2009).

9. For the reasons set forth herein and in the accompanying memorandum of law, Plaintiffs respectfully submit that Plaintiffs' Motion for Leave to Amend the First Amended Complaint should be granted.

     **WHEREFORE**, it is respectfully requested that this Court grant the within motion in its entirety and for all such other and further different relief as to this Court may deem just and proper.

Dated: Newark, New Jersey
       June 14, 2011

                                       ANTHONY J. POPE

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
VICTOR MARTINEZ, individually and as             SUMMONS
Administrator of Estate of ERIDANIA
RODRIGUEZ, Deceased, DENISSE FIGUEROA,
RONNIE FIGUEROA, YANIRIS FIGUEROA

                   Plaintiffs,

                                      Index No.: 117249/09
       -against-

RECTOR TRINITY ASSOCIATES, LLC,
STELLAR MANAGEMENT, CORP., CLASSIC
SECURITY, LOCAL 32BJ SERVICE
EMPLOYEES INTERNATIONAL UNION,
REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC, JOHN DOES 1-10, RICHARD
ROES INCORPORATED 1-10, (said JOHN DOES
1-10 and RICHARD ROES INCORPORATED 1-10
being fictitious persons and/or Business entities)
*et al.*,

                   Defendants.
------------------------------------------------------------X

        To the above named Defendants:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this matter and to serve a copy of your answer on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiffs designated New York County as the place of trial as accident occurred in New York County.

Dated:  June 14, 2011; Newark, New Jersey

Notice:  The nature of the action is personal injury and wrongful death.  The relief sought is monetary damages.

Upon your failure to appear, judgment will be taken against you by default in an amount sought exceeding the jurisdictional limits of all Courts lower than the Supreme Court, with interest and the costs of this action from July 7, 2009.

Dated:  June 14, 2011
        Newark, New Jersey

ANTHONY J. POPE
ANTHONY POPE LAW FIRM
Attorneys for Plaintiffs
60 Park Place, Suite 703
Newark, New Jersey 07102
(973) 344-4406


**DEFENDANTS' ADDRESSES:**

Curt J. Schiner, Esq.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(T) (212) 964-6611
(F) (212) 267-5916
Attorneys for Defendants, Rector Trinity Associates, LLC and Stellar Management Corp.

Ronald A. Mazariegos, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604
(T) (914) 323-7000
(F) (914) 323-7001
Attorneys for Defendant, Classic Security, LLC

32BJ Service Employees International Union
Manhattan Office
101 Avenue of the Americas, 20th Floor
New York, New York 10013
(T) (212) 388-3800

Realty Advisory Board on Labor Relations, Inc.
292 Madison Avenue
New York, New York 10017
(T) (212) 889-4100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------X
VICTOR MARTINEZ, individually and as
Administrator of Estate of ERIDANIA
RODRIGUEZ, Deceased, DENISSE FIGUEROA,
RONNIE FIGUEROA, YANIRIS FIGUEROA

                   Plaintiffs,

          -against-

RECTOR TRINITY ASSOCIATES, LLC,
STELLAR MANAGEMENT, CORP., CLASSIC
SECURITY, LOCAL 32BJ SERVICE
EMPLOYEES INTERNATIONAL UNION,
REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC, JOHN DOES 1-10, RICHARD
ROES INCORPORATED 1-10, (said JOHN DOES
1-10 and RICHARD ROES INCORPORATED 1-10
being fictitious persons and/or Business entities)
*et al.,*

                   Defendants.
--------------------------------------------------------X

SECOND AMENDED
VERIFIED COMPLAINT


Index No.: 117249/09

Plaintiffs, through their attorneys, ANTHONY POPE LAW FIRM, complaining of the
Defendants, respectfully allege, upon information and belief, as follows:

1.   That at all times hereinafter mentioned, the Plaintiff Decedent, ERIDANIA RODRIGUEZ, was a resident of the County of New York, State of New York.

2.   That at all times hereinafter mentioned, VICTOR MARTINEZ, Plaintiff, was the brother of Decedent, ERIDANIA RODRIGUEZ.

3.   That at the time of commencement of this action, and at all times hereinafter mentioned, Plaintiff, VICTOR MARTINEZ, was appointed Administrator of the ESTATE OF ERIDANIA RODRIGUEZ by the Surrogate of New York County.

1

4.   That ERIDANIA RODRIGUEZ, the deceased, left the following surviving: DENISSE FIGUEROA, RONNIE FIGUEROA, and YANIRIS FIGUEROA.

5.   That at all times hereinafter mentioned, DENISSE FIGUEROA, Plaintiff, was the daughter of Plaintiff's Decedent, ERIDANIA RODRIGUEZ.

6.   That at all times hereinafter mentioned, DENISSE FIGUEROA, Plaintiff, was a resident of the County of New York, State of New York.

7.   That at all times hereinafter mentioned, RONNIE FIGUEROA, Plaintiff, was the son of Plaintiff's Decedent, ERIDANIA RODRIGUEZ.

8.   That at all times hereinafter mentioned, RONNIE FIGUEROA, Plaintiff, was a resident of the County of New York, State of New York.

9.   That at all times hereinafter mentioned, YANIRIS FIGUEROA, Plaintiff, was the daughter of Plaintiff's Decedent, ERIDANIA RODRIGUEZ.

10.   That at all times hereinafter mentioned, YANIRIS FIGUEROA, Plaintiff, was a resident of the County of New York, State of New York.

11.   That the cause of action alleged herein arose in the County of New York, City of New York and State of New York.

12.   That at all times hereinafter mentioned, Defendant RECTOR TRINITY ASSOCIATES, LLC, was and still is a domestic corporation, incorporated under the laws of the State of New York.

13.   That at all times hereinafter mentioned, Defendant RECTOR TRINITY ASSOCIATES, LLC, maintained a principal place of business located at 2 Rector Street, New York, New York and/or 156 William Place, New York, New York.

14.   That at all times hereinafter mentioned, Defendant STELLAR MANAGEMENT,
      CORP., was and still is a domestic corporation incorporated under the laws of the
      State of New York and/or is an unincorporated business entity doing business in
      New York.

15.   That at all times hereinafter mentioned, Defendant STELLAR MANAGEMENT,
      CORP., maintained a principal place of business located at 2 Rector Street, New
      York, New York and/or 156 William Place, New York, New York.

16.   That at all times hereinafter mentioned, Defendant CLASSIC SECURITY, LLC,
      was and still is a domestic corporation, incorporated under the laws of the State of
      New York.

17.   That at all times hereinafter mentioned, Defendant CLASSIC SECURITY, LLC,
      maintained a principal place of business located at 70 West 36th Street, New York,
      New York.

18.   That at all times hereinafter mentioned, Defendant, REALTY ADVISORY
      BOARD ON LABOR RELATIONS, INC. maintained a principal place of
      business located at 292 Madison Avenue, New York, New York.

19.   That at all times hereinafter, Defendant REALTY ADVISORY BOARD ON
      LABOR RELATIONS, INC. was and is a foreign not-for-profit organization
      doing business and/or transacting in business under the laws of the State of New
      York.

20.   That at all times hereinafter, Defendant 32BJ SERVICES EMPLOYEES
      INTERNATIONAL UNION maintains a principal place of business located at
      101 Avenue of the Americas, New York, New York.

21.   That at all times hereinafter, Defendant 32BJ SERVICES EMPLOYEES INTERNATIONAL UNION is a labor union operating under the laws of the State of New York.

22.   At all times hereinafter mentioned, Defendant Richard Roes Incorporated 1-10, was a domestic corporation incorporated under the laws of the State of New York, and/or was a foreign corporation authorized to do business in the State of New York, and/or was an unincorporated association transacting in business or doing business in the State of New York.

23.   At all times hereinafter mentioned, Defendant Richard Roes Incorporated 1-10, was a business entity transacting in business and/or doing business in the State of New York.

24.   At all times hereinafter mentioned, Defendant Richard Roes Incorporated 1-10, was a business entity with a principal place of business, and/or office in New York County, State of New York, and/or a principal place of business, and/or office located at 2 Rector Street, New York, New York, and/or a principal place of business, and/or office located at 156 William Street, New York, New York, and/or a principal place of business, and/or office located at 170 West 36th Street, New York, New York.

25.   Upon information and belief, on or about July 7, 2009, RECTOR TRINITY ASSOCIATES, LLC, Defendant, owned and/or operated and/or managed and/or maintained and/or secured the building located at 2 Rector Street, New York, New York.

26. Upon information and belief, on or about July 7, 2009, STELLAR MANAGEMENT, CORP., Defendant, owned and/or operated and/or managed and/or maintained and/or secured the building located at 2 Rector Street, New York, New York.

27. Upon information and belief, on or about July 7, 2009, CLASSIC SECURITY, LLC, Defendant, owned and/or operated and/or managed and/or maintained and/or secured the building located at 2 Rector Street, New York, New York.

28. Upon information and belief, prior to July 7, 2009 Defendant RECTOR TRINITY ASSOCIATES, LLC, entered into an agreement with Defendant STELLAR MANAGEMENT, CORP., whereby STELLAR MANAGEMENT, CORP., managed the building located at 2 Rector Street, New York, New York.

29. Upon information and belief, prior to July 7, 2009, Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., entered into an agreement with Defendant CLASSIC SECURITY, LLC, whereby CLASSIC SECURITY, LLC, provided security services for the building located at 2 Rector Street, New York, New York.

30. Upon information and belief, on or about July 7, 2009, Defendant CLASSIC SECURITY, LLC, provided security services for the building located at 2 Rector Street, New York, New York.

31. On or about July 7, 2009, the Plaintiff Decedent, ERIDANIA RODRIGUEZ, was lawfully at the premises located at 2 Rector Street, New York, New York.

32.    That ERIDANIA RODRIGUEZ was lawfully within the course of her employment within 2 Rector Street when she was violently assaulted, bound, brutalized, tortured, raped, asphyxiated and murdered on or about July 7, 2009.

33.    As a result of the foregoing, Plaintiff's Decedent was caused to and did sustain severe and serious personal injuries as defined in N.Y. Subdivision (d) of Section 5102 of the Ins. Law of the State of New York including conscious pain and suffering and was consciously aware of her impending death.

34.    On or about July 11, 2009, the body of Plaintiff's Decedent, ERIDANIA RODRIGUEZ was discovered in an air conditioning duct between the 11th and 12th floors of 2 Rector Street, New York, New York, after a NYPD Detective saw blood leaking from a ventilation shaft.

31.    That at the time of the filing of this Second Amended Complaint, the New York Police Department has arrested an individual, "Elevator Operator," and he has been charged with second degree murder for the unlawful death of Plaintiff's Decedent, ERIDANIA RODRIGUEZ.

32.    And that said individual, "Elevator Operator," charged with the murder of Plaintiff's Decedent, ERIDANIA RODRIGUEZ, was an employee, and/or agent, and/or servant of Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10.

6

33.  And that Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, in the regular course of business hired and/or retained and/or supervised and/or trained said individual, "Elevator Operator," charged with the murder of Plaintiff's Decedent, ERIDANIA RODRIGUEZ.

34.  Upon information and belief, Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, managed and/or controlled, and/or supervised the actions of its employees, specifically said individual, "Elevator Operator," charged with the murder of ERIDANIA RODRIGUEZ.

35.  That upon information and belief, Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, knew or should have known said individual, "Elevator Operator," was of a violent nature and prone to violent and vicious acts.

36. That upon information and belief, Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, knew and/or became aware of and/or should have known, of accusations of other violent or vicious acts committed by said "Elevator Operator."

37. Upon information and belief, Plaintiff-Decedent ERIDANIA RODRIGUEZ was a member of Defendant LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION at all times relevant to this complaint.

38. That Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or RICHARD ROES INCORPORATED 1-10 were members of Defendant REALTY ADVISORY BOARD ON LABOR RELATIONS, INC. ("RAB").

39. That upon information and belief, Defendant LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION entered into an agreement with Defendant REALTY ADVISORY BOARD ON LABOR RELATIONS, INC.

40. That upon information and belief, the agreement between Defendant LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION and Defendant REALTY ADVISORY BOARD ON LABOR RELATIONS, INC. stipulated that both parties would monitor workplaces to maximize employee safety.

41. That upon information and belief, the provisions of the agreement between Defendant LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION and Defendant REALTY ADVISORY BOARD ON LABOR RELATIONS, INC. applied to the professional relationship between Plaintiff-Decedent ERIDANIA RODRIGUEZ and Defendant RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, and/or servants and/or employees, and/or "Elevator Operator."

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligent hiring, training and/or retention)

42. The Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein at length.

43. Plaintiff's Decedent's injuries as described herein were caused in whole or in part by Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, in that at the aforementioned place and time, and prior thereto, they were negligent and/or careless and/or reckless and/or breached a duty to exercise due care with respect to the hiring and/or training, and/or retention of "Elevator Operator," the individual charged with the murder of Plaintiff's Decedent, ERIDANIA RODRIGUEZ.

44.     Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR
        MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL
        32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY
        ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES
        INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants
        and/or employees, knew or should have known of the violent and dangerous
        propensities of "Elevator Operator," and nevertheless hired and/or improperly
        trained and/or retained the services of said employee and/or agent and/or servant
        and others who failed to warn Plaintiff's Decedent of said propensities, and/or
        inadequately warned Plaintiff's Decedent of said propensities, and/or failed to
        protect Plaintiff's Decedent from said propensities.

45.     The complained of occurrence happened wholly and/or solely as a result of the
        negligence and/or carelessness and/or recklessness of Defendants, RECTOR
        TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP.,
        and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE
        EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY
        BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES
        INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants
        and/or employees, without any fault, want of care, negligence or culpable conduct
        in the part of Plaintiff's Decedent contributing thereto.

46.     As a result of the foregoing, Plaintiff's Decedent endured conscious pain and
        suffering and was aware of her impending death, and Plaintiff's Decedent and/or
        her estate has been damaged in a sum that exceeds the jurisdictional amount of all

10

lower Courts that would otherwise have jurisdiction, and further that Plaintiff's

Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as

Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,

Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,

Individually, demand judgment against Defendants in an amount that exceeds the

jurisdiction amount of all lower courts, together with the costs and disbursements of this

action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligent Supervision)

47.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above

with the same force and effect as if more fully set forth herein at length.

48.    Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR

MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL

32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY

ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES

INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants

and/or employees, had a duty to supervise "Elevator Operator," to ensure the

safety of Plaintiff's Decedent from the actions that were committed upon her as

described above.

49.    Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR

MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL

32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY

ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES

INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, breached their duty of care to Plaintiff's Decedent, ERIDANIA RODRIGUEZ, by negligently and/or carelessly and/or recklessly supervising "Elevator Operator."

50.     Defendants' breach of their supervisory duty to Plaintiff's Decedent, ERIDANIA RODRIGUEZ, was a proximate cause of the severe and permanent personal injuries resulting in her slow, painful, humiliating death.

51.     Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, had a duty to competently supervise their employees.

52.     Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, breached the duty to competently supervise their employees.

53.     The breach of duty to competently supervise their respective employees by Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY

ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES

INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants

and/or employees, was the proximate cause of the severe and personal injuries

which eventually resulted in the slow, humiliating, and painful death of Plaintiff's

Decedent, ERIDANIA RODRIGUEZ.

54.     As a result of the foregoing, Plaintiff's Decedent endured conscious pain and

suffering and was aware of her impending death, and Plaintiff's Decedent and/or

her estate has been damaged in a sum that exceeds the jurisdictional amount of all

lower Courts that would otherwise have jurisdiction, and further that Plaintiff's

Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as

Administrator of  Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,

Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,

Individually, demand judgment against Defendants in an amount that exceeds the

jurisdiction amount of all lower courts, together with the costs and disbursements of this

action.


## AS AND FOR A THIRD CAUSE OF ACTION
### (Negligent Security, Supervision, Training)

55.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above

with the same force and effect as if more fully set forth herein at length.

56.     Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR

MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL

32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY

INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, breached their duty of care to Plaintiff's Decedent, ERIDANIA RODRIGUEZ, by negligently and/or carelessly and/or recklessly supervising "Elevator Operator."

50.   Defendants' breach of their supervisory duty to Plaintiff's Decedent, ERIDANIA RODRIGUEZ, was a proximate cause of the severe and permanent personal injuries resulting in her slow, painful, humiliating death.

51.   Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, had a duty to competently supervise their employees.

52.   Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, breached the duty to competently supervise their employees.

53.   The breach of duty to competently supervise their respective employees by Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY

ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees, was the proximate cause of the severe and personal injuries which eventually resulted in the slow, humiliating, and painful death of Plaintiff's Decedent, ERIDANIA RODRIGUEZ.

54.     As a result of the foregoing, Plaintiff's Decedent endured conscious pain and suffering and was aware of her impending death, and Plaintiff's Decedent and/or her estate has been damaged in a sum that exceeds the jurisdictional amount of all lower Courts that would otherwise have jurisdiction, and further that Plaintiff's Decedent and/or her estate are entitled to punitive damages.

WHEREFORE, Plaintiffs, VICTOR MARTINEZ, individually and as Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA, Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA, Individually, demand judgment against Defendants in an amount that exceeds the jurisdiction amount of all lower courts, together with the costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Negligent Security, Supervision, Training)

55.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein at length.

56.     Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY

ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees was responsible for safety and/or security and/or training of Security responsible for the aforesaid premises pursuant to the New York State Security Guard Act of 1992.

57. Plaintiff's Decedent's injuries as described herein were caused in whole or in part by Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants and/or employees in that at the aforementioned place and time, and prior thereto, they were negligent and/or careless and/or reckless, and/or breached a duty to exercise due care with respect to the safety, welfare and security of employees at the Premises, including Plaintiff's Decedent.

58. The aforementioned occurrence happened wholly and solely as a result of the negligence and/or carelessness and/or recklessness of Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective agents, servants

and/or employees without any fault, want of care, negligence or culpable conduct on the part of Plaintiff's Decedent contributing thereto.

59.    As a result of the foregoing, Plaintiff's Decedent endured conscious pain and suffering and was aware of her impending death, and Plaintiff's Decedent and/or her estate have been damaged in a sum that exceeds the jurisdictional amount of all lower courts that would otherwise have jurisdiction, and further that Plaintiff's Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA, Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA, Individually, demand judgment against Defendants in an amount that exceeds the jurisdiction amount of all lower courts, together with the costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Imprisonment) (Respondeat Superior)

60.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein at length.

61.    The employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, intentionally, maliciously,

wrongfully detained and falsely imprisoned and detained Plaintiff's Decedent at
or about the above referenced location, without justification or grounds therefor
through his actions of enclosing her in a ventilation shaft to die after he had
assaulted, battered, and raped her.

62.   The imprisonment was caused by the employee and/or agent and/or servant,
"Elevator Operator," of named Defendants, while acting within the course and
scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES,
LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC
SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES
INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON
LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10,
and/or John Does 1-10, without any warrant or other legal process, and without
authority of law.

63.   The imprisonment was caused by the employee and/or agent and/or servant,
"Elevator Operator," of named Defendants, while acting within the course and
scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES,
LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC
SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES
INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON
LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10,
and/or John Does 1-10, by preventing Plaintiff's Decedent from escaping his grip
and/or the Premises under her own free will through her imprisonment in said
ventilation shaft.

64. The imprisonment was forced upon Plaintiff's Decedent by an employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, wholly against Plaintiff's Decedent's will and without Plaintiff's Decedent's consent.

65. An employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, acted with the intention of imprisoning, confining and detaining Plaintiff's Decedent.

66. The imprisonment, confinement and/or detention was unlawful and not otherwise privileged.

67. By reason of the imprisonment, Plaintiff Decedent was caused to suffer great indignities, humiliation, ridicule and death, and in being so detained, suffered great injury to her credit and circumstances, and was then and there caused to suffer much in both her mind and body, ultimately resulting in her death.

68.     As a result of the foregoing, Plaintiff Decedent endured conscious pain and

suffering and was aware of her impending death, and Plaintiff's Decedent and/or

her estate have been damaged in a sum that exceeds the jurisdictional amount of

all lower courts that would otherwise have jurisdiction, and further that Plaintiff's

Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as

Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,

Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,

Individually, demand judgment against Defendants in an amount that exceeds the

jurisdiction amount of all lower courts, together with the costs and disbursements of this

action.

### AS AND FOR A FIFTH CAUSE OF ACTION
#### (Prima Facie Tort) (Respondeat Superior)

69.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above

with the same force and effect as if more fully set forth herein at length.

70.     The employee and/or agent and/or servant, "Elevator Operator," of named

Defendants, while acting within the course and scope of his employment with

Defendants RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR

MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL

32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY

ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES

INCORPORATED 1-10, and/or John Does 1-10, by his intentional conduct and

for the purpose of causing severe mental distress, recklessly conducted himself in

a manner including, but not limited to, assaulting, battering, beating, abusing, and terrorizing Plaintiff's Decedent leading to her untimely death.

71.   The aforementioned conduct of the employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, was so outrageous and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

72.   The employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, intentionally caused Plaintiff's Decedent to suffer severe emotional distress and severe physical injuries resulting in her untimely death and damages as set forth above, and Defendants, employee and/or agent and/or servant, "Elevator Operator," acted, by his conduct, with reckless and utter disregard for the consequences that might follow.

73.     The actions on the part of employee and/or agent and/or servant, "Elevator

Operator," of named Defendants, while acting within the course and scope of his

employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or

STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC,

and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION,

and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or

RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, were

intentional, willful and malicious.

74.     That as a result of the foregoing, Plaintiff's Decedent endured conscious pain and

suffering and was aware of her impending death, and Plaintiff's Decedent and/or

her estate have been damaged in a sum that exceeds the jurisdictional amount of

all lower courts that would otherwise have jurisdiction, and further that Plaintiff's

Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as

Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,

Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,

Individually, demand judgment against Defendants in an amount that exceeds the

jurisdiction amount of all lower courts, together with the costs and disbursements of this

action.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress) (Respondeat Superior)

75.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above

with the same force and effect as if more fully set forth herein at length.

20

76. An employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, by his intentional conduct and for the purpose of causing severe mental distress and death, recklessly conducted himself in a manner including, but not limited to, assaulting, battering, beating, abusing, terrorizing, raping, sodomizing and killing Plaintiff's Decedent.

77. The aforementioned conduct of an employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, was so outrageous and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

78. An employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL

32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY
ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES
INCORPORATED 1-10, and/or John Does 1-10, intentionally caused Plaintiff's
Decedent to suffer severe emotional distress and severe physical injuries, death
and damages as set forth above, and said employee and/or agent and/or servant,
"Elevator Operator," of named Defendants, while acting within the course and
scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES,
LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC
SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES
INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON
LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10,
and/or John Does 1-10,  acted, by his conduct, with reckless and utter disregard
for the consequences that might follow.

79.   The actions on the part of employee and/or agent and/or servant, "Elevator
Operator," of named Defendants, while acting within the course and scope of his
employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or
STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC,
and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION,
and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or
RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, were
intentional, willful and malicious.

80.   As a result of the foregoing, Plaintiff Decedent endured conscious pain and
suffering and was aware of her impending death, and Plaintiff Decedent and/or

22

her estate have been damaged in a sum that exceeds the jurisdictional amount of all lower courts that would otherwise have jurisdiction, and further that Plaintiff Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA, Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA, Individually, demand judgment against Defendants in an amount that exceeds the jurisdiction amount of all lower courts, together with the costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Battery) (Respondeat Superior)

81.    The plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect, as if more fully set forth herein at length.

82.    The employee and/or agent and/or servant, "Elevator Operator," of named Defendants, while acting within the course and scope of his employment with Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, negligently, and/or carelessly, and/or recklessly, and/or intentionally, and/or willfully, and maliciously made physical contact with Plaintiff's Decedent.

83.    The foregoing acts and conduct of said employee and/or agent and/or servant "Elevator Operator," were not in any way brought on by Plaintiff's Decedent nor

did Plaintiff's Decedent provoke or intentionally instigate said employee and/or

agent and/or servant "Elevator Operator," into committing or engaging in said

acts or conduct.

84.   The foregoing acts and conduct of said employee and/or agent and/or servant

"Elevator Operator," were not in any way privileged or authorized and were

committed wholly against Plaintiff's Decedent's will and consent.

85.   As a result of the foregoing, Plaintiff's Decedent endured conscious pain and

suffering and was aware of her impending death, and Plaintiff's Decedent and/or

her estate have been damaged in a sum that exceeds the jurisdictional amount of

all lower Courts that would otherwise have jurisdiction, and further that Plaintiff's

Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as

Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,

Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,

Individually, demand judgment against Defendants in an amount that exceeds the

jurisdiction amount of all lower courts, together with the costs and disbursements of this

action.

### AS AND FOR A EIGHTH CAUSE OF ACTION
#### (Assault) (Respondeat Superior)

86.   The plaintiffs repeat, reiterate and re-allege each and every allegation set forth

with the same force and effect above, as if more fully set forth herein at length.

87.   The employee and/or agent and/or servant, "Elevator Operator," of named

Defendants, while acting within the course and scope of his employment with

Defendants, RECTOR TRINITY ASSOCIATES, LLC, and/or STELLAR

MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, negligently, and/or carelessly, and/or recklessly, and/or intentionally, willfully and maliciously did place Plaintiff's Decedent in fear of imminent harm and/or offensive contact and/or battery.

88.     As a result of the foregoing, Plaintiff's Decedent endured conscious pain and suffering and was aware of her pending death, and Plaintiff's Decedent and/or her estate have been damaged in a sum that exceeds the jurisdictional amount of all lower Courts that would otherwise have jurisdiction, and further that Plaintiff's Decedent and/or her estate are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA, Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA, Individually, demand judgment against Defendants in an amount that exceeds the jurisdiction amount of all lower courts, together with the costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Wrongful Death) (Respondeat Superior)

89.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as more fully set forth herein.

90.     At the time of her death, Plaintiff's Decedent, ERIDANIA RODRIGUEZ, was in good physical health, productive, and in possession of all her faculties.

91.   Plaintiff's Decedent, ERIDANIA RODRIGUEZ, died as a result of the actions
and/or inactions of Defendants RECTOR TRINITY ASSOCIATES, LLC, and/or
STELLAR MANAGEMENT, CORP., and/or CLASSIC SECURITY, LLC,
and/or LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION,
and/or REALTY ADVISORY BOARD ON LABOR RELATIONS, INC, and/or
RICHARD ROES INCORPORATED 1-10, and/or John Does 1-10, its respective
agents, and/or servants and/or employees, and/or "Elevator Operator" after being
assaulted, battered, beaten, abused, terrorized, raped, sodomized and killed.

92.   As a result of the foregoing, Plaintiff's Decedent, ERIDANIA RODRIGUEZ,
endured conscious pain and suffering and was aware of her impending death, and
Plaintiff's Decedent, ERIDANIA RODRIGUEZ, suffered a slow, humiliating,
painful death, Plaintiff's Decedent, ERIDANIA RODRIGUEZ, and/or her estate,
has been damaged in a sum that exceeds the jurisdictional amounts of all lower
Courts that would otherwise have jurisdiction, and that Plaintiff's Decedent
and/or her estate, are entitled to punitive damages, for the wrongful acts and/or
neglect by Defendants which ultimately caused Plaintiff's Decedent's death,
under the New York Wrongful Death provisions as cited in EPTL § 5-4.1.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as
Administrator of  Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,
Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,
Individually, demand judgment against Defendants in an amount that exceeds the
jurisdiction amount of all lower courts, together with the costs and disbursements of this
action.

## AS AND FOR THE TENTH CAUSE OF ACTION
### (Survivorship)

93.   The plaintiffs repeat, reiterate and re-allege each and every allegation set forth
with the same force and effect above, as if more fully set forth herein at length.

94.   As a result of foregoing, Plaintiffs DENISSE FIGUEROA, RONNIE
FIGUEROA, and YANIRIS FIGUEROA, children of Plaintiff's Decedent,
ERIDANIA RODRIGUEZ, sustained pecuniary loss as a result of her death,
including but not limited to, the loss of maintenance, support, comfort, society,
companionship and services.

95.   That as a reasonably foreseeable result and proximate cause of the foregoing,
Plaintiff's Decedent, ERIDANIA RODRIGUEZ, endured conscious pain and
suffering and was aware of her impending death, and Plaintiff's Decedent,
ERIDANIA RODRIGUEZ, suffered a slow, humiliating, painful death, Plaintiff's
Decedent, ERIDANIA RODRIGUEZ, and/or her estate, has been damaged in a
sum that exceeds the jurisdictional amounts of all lower Courts that would
otherwise have jurisdiction, and that Plaintiff's Decedent, ERIDANIA
RODRIGUEZ and/or her estate, are entitled to punitive damages.

96.   That by reason of the foregoing, Plaintiffs, VICTOR MARTINEZ, individually
and as  Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE
FIGUEROA,   Individually, RONNIE FIGUEROA, Individually,   and YANIRIS
FIGUEROA,   Individually, have been damaged in an amount which exceeds the
jurisdiction amount of all lower courts, including punitive damages, for the
wrongful acts and/or neglect by the Defendants RECTOR TRINITY
ASSOCIATES, LLC, and/or STELLAR MANAGEMENT, CORP., and/or

CLASSIC SECURITY, LLC, and/or LOCAL 32BJ SERVICE EMPLOYEES

INTERNATIONAL UNION, and/or REALTY ADVISORY BOARD ON

LABOR RELATIONS, INC, and/or RICHARD ROES INCORPORATED 1-10,

and/or John Does 1-10, which ultimately caused Plaintiff's Decedent's death,

under the New York Survivorship provisions as cited in EPTL § 5-4.3.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as

Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,

Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,

Individually, demand judgment against Defendants in an amount that exceeds the

jurisdiction amount of all lower courts, together with the costs and disbursements of this

action.

### AS AND FOR THE ELEVENTH CAUSE OF ACTION
**(Breach of Contract – Intended Third Party Beneficiary)**

97.    The plaintiffs repeat, reiterate and re-allege each and every allegation set forth

with the same force and effect above, as if more fully set forth herein at length.

98.    Plaintiff Decedent, ERIDANIA RODRIGUEZ, as an  active member of the local

32BJ SEIU on or about July 7, 2009, was an intended third party beneficiary of

the contract between Defendants LOCAL 32BJ SERVICE EMPLOYEES

INTERNATIONAL UNION and REALTY ADVISORY BOARD ON LABOR

RELATIONS, INC.

99.    Defendants LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION

and REALTY ADVISORY BOARD ON LABOR RELATIONS, INC. were

willfully tortiuous and/or negligent in the execution of the regulations and safety

measures that the 2008 Commercial Building Agreement guaranteed which ERIDANIA RODRIGUEZ was an intended beneficiary.

100.   As a result of defendants' willfully tortious and/or negligent breaches of which Plaintiff Decedent was an intended beneficiary, ERIDANIA RODRIGUEZ suffered serious bodily injuries and sustained great pain and suffering in her death.

   **WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA, Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA, Individually, demand judgment against Defendants in an amount that exceeds the jurisdiction amount of all lower courts, together with the costs and disbursements of this action.

### AS AND FOR THE TWELFTH CAUSE OF ACTION
#### (Breach of Contract)

101.   The plaintiffs repeat, reiterate and re-allege each and every allegation set forth with the same force and effect above, as if more fully set forth herein at length.

102.   Plaintiff Decedent, ERIDANIA RODRIGUEZ, as an active member of the local 32BJ SEIU on or about July 7, 2009, was under contract with Defendant LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION.

103.   Defendant LOCAL 32BJ SERVICE EMPLOYEES INTERNATIONAL UNION was willfully tortiuous and/or negligent in the execution of the regulations and safety measures that defendant guaranteed which ERIDANIA RODRIGUEZ wasa party to the agreement..

104.    As a result of defendant's willfully tortious and/or negligent breaches of which,
ERIDANIA RODRIGUEZ suffered serious bodily injuries and sustained great
pain and suffering in her death.

**WHEREFORE**, Plaintiffs, VICTOR MARTINEZ, individually and as
Administrator of Estate of ERIDANIA RODRIGUEZ, DENISSE FIGUEROA,
Individually, RONNIE FIGUEROA, Individually, and YANIRIS FIGUEROA,
Individually, demand judgment against Defendants in an amount that exceeds the
jurisdiction amount of all lower courts, together with the costs and disbursements of this
action.

Dated:  June 14, 2011
      Newark, New Jersey

ANTHONY J. POPE
ANTHONY POPE LAW FIRM
60 Park Place, Suite 703
Newark, New Jersey 07102
(973) 344-4406

## ATTORNEY'S VERIFICATION

ANTHONY J. POPE, an attorney duly admitted to practice before the Courts of the State

of New York, affirms the following to be true under the penalties of perjury:

I am the principal at the ANTHONY POPE LAW FIRM, attorneys of record for
Plaintiff(s),

VICTOR MARTINEZ, individually and as Administrator of Estate of ERIDANIA
RODRIGUEZ, DENISSE FIGUEROA, Individually, RONNIE FIGUEROA, Individually, and
YANIRIS FIGUEROA, Individually

I have read the annexed Complaint and know the contents thereof, and the same are true
to my knowledge, except those matters therein which are stated to be alleged upon information
and belief, and as to those matters I believe them to be true.  My belief, as to those matters
therein not stated upon knowledge, is based upon facts, records, and other pertinent information
contained in my files.

Dated:  June 14, 2011

ANTHONY J. POPE
ANTHONY POPE LAW FIRM
Attorneys for Plaintiffs
60 Park Place, Suite 703
Newark, New Jersey 07102
(973) 344-4406

## AFFIRMATION OF SERVICE BY MAIL

**ANTHONY J. POPE**, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

On June 14, 2011, I served the within **NOTICE OF MOTION TO AMEND THE COMPLAINT, ANTHONY J. POPE'S AFFIRMATION IN SUPPORT, PROPOSED AMENDED COMPLAINT AND AFFIRMATION OF SERVICE BY MAIL** by serving a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the Federal Express, addressed to each of the following persons at the last known address set forth after each name.

Curt J. Schiner, Esq.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(T) (212) 964-6611
(F) (212) 267-5916
Attorneys for Defendants, Rector Trinity Associates, LLC and Stellar Management Corp.

Ronald A. Mazariegos, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604
(T) (914) 323-7000
(F) (914) 323-7001
Attorneys for Defendant, Classic Security, LLC

32BJ Service Employees International Union
Manhattan Office
101 Avenue of the Americas, 20th Floor
New York, New York 10013
(T) (212) 388-3800

Realty Advisory Board on Labor Relations, Inc.
292 Madison Avenue
New York, New York 10017
(T) (212) 889-4100

Dated: June 14, 2011

_____
ANTHONY J. POPE

Sworn and subscribed
Before me on this 14th Day June 2011

_____
Notary Public

ELIZABETH MARRIOTT
A Notary Public of New Jersey
My Commission Expires AUGUST 6, 2013